IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

RENATA SEIFERT and HORST SEIFERT,            )
                                             )
Plaintiffs,                                  )
                                             )
v.                                           )   No. 04-2616 Ma/P
                                             )
MUSA HOLDINGS, INC.; LASER VISION            )
INSTITUTE d/b/a LASIK VISION                 )
INSTITUTE; and                               )
DAVID S. MURPHY, M.D.,                       )
                                             )
        Defendants.                          )
                                             )

---

**ORDER ON DEFENDANT MUSA HOLDINGS, INC.'S MOTION TO DISMISS COUNT I AND COUNT V OF COMPLAINT**

---

Plaintiffs Renata Seifert and Horst Seifert (the "Seiferts") bring suit against the Defendants alleging five counts: 1) violation of the Tennessee Consumer Protection Act, T.C.A. § 47-18-104 et seq.; 2) breach of contract; 3) fraud; 4) money had and received; and 5) medical malpractice. (Compl. at ¶¶ 20-44.) Before the court is defendant MUSA Holdings, Inc.'s ("MUSA") "Motion to Dismiss Count I and Count V of Complaint," filed on November 12, 2004. The Seiferts filed a response on December 28, 2004. MUSA filed a reply on January 5, 2005.

Renata Seifert alleges that she was injured during a LASIK surgery procedure performed on November 25, 2002. The Seiferts originally brought suit against LASIK Vision Institute in Case No.

04-2336 ("the original suit") filed in the Western District of Tennessee on November 21, 2003. The Seiferts then filed a second lawsuit, Case No. 04-2616 ("the second suit"), on August 6, 2004, naming MUSA, among others, as a defendant. The original suit and the second suit were consolidated on August 26, 2004.

MUSA states that the events giving rise to the Seiferts' injuries occurred more than 20 months before the second suit, in which MUSA is a defendant, was filed. Consequently, MUSA argues, Counts 1 and 5 of the Seiferts' complaint must be dismissed because they are subject to a one-year statute of limitations.[1] The Seiferts do not dispute MUSA's factual allegations but argue that the addition of MUSA should relate back to the filing date of the original suit under Fed. R. Civ. P. 15(c) which provides that under certain circumstances amendments to pleadings may relate back to the original filing date of the pleading.

Consolidation of cases in federal court is governed by Fed. R. Civ. P. 42(a) which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

"Cases consolidated under Rule 42(a), however, retain their

---

[1] Count 1, for violation of the Tennessee Consumer Protection Act, is subject to a one-year statute of limitations under § T.C.A. 47-18-110. Count 5, for medical malpractice, is subject to a one-year statute of limitations under T.C.A. 29-26-116.

2

separate identity. And although consolidation is permitted as a matter of convenience and economy in administration, it does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another. Therefore, it is the district court's responsibility to ensure that parties are not prejudiced by consolidation." Lewis v. ACB Business Services, Inc., 135 F.3d 389, 412-13 (6th Cir. 1998) (internal quotes and citations omitted). Because consolidation of two cases does not make parties to the second filed case parties to the first case, the filing date of the Seiferts' claims against MUSA do not relate back to the filing date of the original suit because the two cases have been consolidated.

The Seiferts argue that the court should treat the consolidation of the two cases as an amendment to the original suit which relates back to the filing date of the original suit. Fed. R. Civ. P. 15(c) allows an amendment to a complaint adding or changing the name of a defendant to relate back to the complaint's original filing date when:

> the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c)(3). Technically, Rule 15(c) does not apply to the addition of MUSA as a defendant in this case because the

3

Seiferts' have not filed a motion to amend the complaint in the original suit. The court, however, declines to dismiss Counts 1 and 5 of the Complaint in the second suit because of this technicality. Rather, the court will deem the Seiferts' to have filed a motion to amend the complaint in the original suit to add MUSA as a defendant.

The parties have not briefed 1) the issue of whether the court should grant a motion by the Seiferts to add MUSA as a defendant in the original suit; and 2) whether the addition of MUSA as a defendant in the original suit should relate back to the original filing date. The parties are ordered to file pleadings within 30 days of the date of this order addressing these issues so that the court can determine if MUSA should be added as a defendant in the original suit relating back to the filing date of the original suit.

So ordered this 21st day of April 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 24 in case 2:04-CV-02616 was distributed by fax, mail, or direct printing on April 22, 2005 to the parties listed.

---

Cannon F. Allen
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Dale H. Tuttle
GLASSMAN JETER EDWARD & WADE
26 N. Second Street
Memphis, TN 38103

Tim Edwards
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Marty R. Phillips
RAINEY KIZER REVIERE & BELL
105 S. Highland Ave.
P.O. Box 1147
Jackson, TN 38302--114

Brian S. Faughnan
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Honorable Samuel Mays
US DISTRICT COURT