IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.
05 JUN 16  AM 10: 31

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

RENATA SEIFERT and HORST SEIFERT,    )
                                      )
Plaintiffs,                           )
                                      )
v.                                    )      No. 04-2616 Ma/P
                                      )
MUSA HOLDINGS, INC.; LASER VISION     )
INSTITUTE d/b/a LASIK VISION          )
INSTITUTE; and                        )
DAVID S. MURPHY, M.D.,                )
                                      )
      Defendants.                     )
                                      )

---

ORDER GRANTING DEFENDANT MUSA HOLDINGS, INC.'S MOTION TO DISMISS
COUNT I AND COUNT V OF COMPLAINT

---

Plaintiffs Renata Seifert and Horst Seifert (the "Seiferts") bring suit on behalf of themselves and a class of similarly situated persons against the Defendants alleging five counts: 1) violation of the Tennessee Consumer Protection Act, T.C.A. § 47-18-104 et seq.; 2) breach of contract; 3) fraud; 4) money had and received; and 5) medical malpractice. (Compl. at ¶¶ 20-44.) Before the court is defendant MUSA Holdings, Inc.'s ("MUSA") "Motion to Dismiss Count I and Count V of Complaint," filed on November 12, 2004. The Seiferts filed a response on December 28, 2004. MUSA filed a reply on January 5, 2005. The court entered an order on April 22, 2005, instructing the parties to submit additional memoranda. On May 18, 2005, MUSA filed a supplemental memorandum,

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 10-16-05

31

and on May 20, 2005, the Seiferts filed a supplemental memorandum.

## I. Jurisdiction

The Seiferts are residents of Tennessee. (Compl. at ¶ 1.) Defendant MUSA is a foreign corporation domiciled in the state of Florida. (Ans. at ¶ 2.) Defendants LASIK Vision Institute and Laser Vision Institute are "corporations or limited liability companies domiciled in the State of Florida." (Compl. at ¶¶ 3, 4.) Defendant David S. Murphy is an ophthalmologist practicing in the State of Arkansas. (Id. at ¶ 6.) Therefore, based on the citizenship of the parties alleged in the Seiferts' Complaint, complete diversity exists and this court has jurisdiction under 28 U.S.C. § 1332.

## II. Background

Renata Seifert alleges that she was injured during an eye surgery procedure performed on November 25, 2002. The Seiferts originally brought suit against LASIK Vision Institute ("LASIK") in Renata and Horst Seifert v. LASIK Vision Institute, Case No. 04-2336 BP, ("the original suit") filed in the Western District of Tennessee on November 21, 2003. Upon receiving LASIK's Rule 26 disclosures the Seiferts learned that LASIK was owned by MUSA, and on July 29, 2004, they filed a motion to amend the original Complaint to add MUSA as a defendant. (Pl.'s Suppl. Mem. at 2-3.) The Seiferts then filed a second lawsuit, Case No. 04-2616 ("the second suit"), on August 6, 2004, naming MUSA, among others, as a defendant. The original suit and the second suit were consolidated

2

on August 26, 2004, and the motion to amend the Complaint in the original suit was dismissed as moot.

## III. Analysis

MUSA states that the events giving rise to the Seiferts' injuries occurred more than one year before the second suit, in which MUSA is a defendant, was filed. Consequently, MUSA argues that Count 1, for violation of the Tennessee Consumer Protection Act, and Count 5, for medical malpractice, must be dismissed because they are subject to a one-year statute of limitations.[1] The Seiferts do not dispute MUSA's factual allegations but argue that the addition of MUSA should relate back to the filing date of the original suit.

In an order dated April 21, 2005, this court determined that the consolidation of the original suit and the second suit would be treated as a motion to amend the Complaint in the original suit to add MUSA as a defendant. (April 21, 2005, Order at 4.) Thus, before determining whether Counts 1 and 5 against MUSA are time-barred, the court must decide whether to grant the "constructive motion to amend," and if so, whether the addition of MUSA relates back to the filing date of the original suit. Fed. R. Civ. P. 15(a) instructs the court that leave to amend a complaint shall be "freely given when justice so requires." MUSA does not object to its addition as

---

[1] Count 1, for violation of the Tennessee Consumer Protection Act, is subject to a one-year statute of limitations under T.C.A. § 47-18-110. Count 5, for medical malpractice, is subject to a one-year statute of limitations under T.C.A. § 29-26-116.

3

a defendant in this case as long as the addition does not relate back to the filing date of the original suit. (Def.'s Suppl. Mem. at 2.) Consequently, the court grants the "constructive motion to amend" the Seiferts' Complaint to add MUSA as a defendant.

Fed. R. Civ. P. 15(c) provides that under some circumstances amendments to pleadings may relate back to the original filing date of the pleading. Subsection (3) of Rule 15(c) specifically allows an amendment to a complaint adding or changing the name of a defendant to relate back to the original filing date when:

> the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c)(3).

In the Sixth Circuit the word "mistake" in subsection (B) of Rule 15(c)(3) has been narrowly construed and relation back of amendments changing the name of a party is only permitted when the amendments are "corrections of misnomers." Collyer v. Darling, 98 F.3d 211, 220 (6th Cir. 1996) (citing In re Kent Holland Die Casting & Plating, Inc., 928 F.2d 1448, 1450 (6th Cir. 1991)). Although Rule 15(c)(3) allows the correction of misnomers, it does not allow "the addition or substitution of new parties after the statute of limitations has expired." In re Kent Holland, 928 F.2d at 1450. Consequently, in the Sixth Circuit "an amendment which

4

adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." Id. at 1449 (internal quotes and citations omitted).

In E.E.O.C. v. Regency Windsor Management Co., 862 F.Supp. 189 (W.D. Mich. 1994), an apartment complex was owned by a company called Oakbrook and was managed by Oakbrook's agent, a company called Windsor. The EEOC, suing on behalf of a "leasing consultant/leasing manager" at the apartment complex named only Windsor as a defendant in the original complaint. "When it became apparent during discovery that both Oakbrook and Windsor, and both of them jointly, might satisfy the definition of 'employer' under the ADEA, plaintiff moved and was permitted to add Oakbrook." Id. at 190. The court, however, held that the addition of Oakbrook as a defendant did not relate back to the original filing date:

> Plaintiff's first amended complaint does not correct a "misnomer;" it adds a party. To the extent plaintiff may have erred in its determination that Windsor alone was [the] employer, it is an error for which Rule 15(c) provides no remedy. It was plaintiff's responsibility to investigate and discover the pertinent facts and it is not entitled to any tolling of the limitation period while doing so.

Id. at 190-91.

In Lee v. Toshiba Mach. Co. of America, 804 F.Supp. 1029 (E.D. Tenn. 1992), the plaintiff sought to add as defendants the Japanese parent companies of two domestic subsidiaries that were named as the original defendants in the suit. The court held that the addition of the parent companies did not relate back to the filing

5

date of the suit against the two domestic subsidiaries because there was no mistake or misnomer. The Lee court stated:

> Here, the plaintiff was simply in error about who manufactured what. There was no misnomer; the plaintiff, without knowing it at first, wanted to sue all four corporations, the manufacturers as well as the marketer and the service company. It was her responsibility to investigate and discover the pertinent facts, and she was not entitled to any tolling of the limitation period while she was doing so. . . .
>
> It is perfectly legitimate for a business enterprise to be organized as a corporation with wholly owned, corporate subsidiaries. The law treats such parent and subsidiary corporations as separate parties in the absence of strong evidence why their separateness should be disregarded.

Id. at 1034-35 (internal citations omitted).

The Seiferts' amendment does not seek to correct a mistake or misnomer. Rather the Seiferts have obtained new information that LASIK is owned by MUSA and they seek to add MUSA as an additional defendant. (Pl.'s Suppl. Mem. at 2-3.) The Seiferts do not allege that MUSA's and LASIK's corporate forms should be disregarded.[2] Consequently, in the Sixth Circuit, the Seifert's addition of MUSA does not relate back under Fed. R. Civ. P. 15(c)(3).

Fed. R. Civ. P. 15(c)(1) allows an amended complaint to relate back when "relation back is permitted by the law that provides the statute of limitations applicable to the action." This section was added in 1991 and the Advisory Committee Notes from the time state:

---

[2] The Seiferts allege that LASIK and MUSA share the same address and share corporate officers. (Compl. at ¶ 5.) They argue, however, only that this means MUSA had notice of the original suit. (Pl.'s Suppl. Mem. at 3-4.)

> This provision is new. It is intended to make it clear that the rule does not apply to preclude any relation back that may be permitted under the applicable limitations law. Generally, the applicable limitations law will be state law. . . . Whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim.

Fed. R. Civ. P. 15(c)(1) Advisory Committee Notes.

The Sixth Circuit applied Rule 15(c)(1) in Lovelace v. O'Hara, 985 F.2d 847 (6th Cir. 1993). In Lovelace, the court found that the addition of a defendant under Rule 15(c)(1) did not relate back to the original filing date because the statute that provided the limitation period contained "no specific provision for relation back." Id. at 852. In Oros v. Hull & Associates, 217 F.R.D. 401 (N.D. Ohio 2003), the district court applied Lovelace as follows:

> Since the 1991 amendments adding section (c)(1) to Rule 15, the Sixth Circuit has cited the provision only once. In that case, Lovelace v. O'Hara, 985 F.2d 847, 851-52 (6th Cir. 1993), the court stated that the plaintiff could not use section 15(c)(1) relation back principles to save a 42 U.S.C. § 1983 claim asserted in an amended complaint, because while Kentucky law provided the statute of limitations, the particular statute in question "contain[ed] no specific provision for relation back." Id. at 852. Though Kentucky rules of civil procedure permitted relation back, its limitations statute did not specifically permit relation back. . . .
>
> In this case, Plaintiff's claims against [Defendant] are authorized under Ohio law and are governed by O.R.C. § 2305.10. Since Lovelace was decided, Rule 15(c)(1) has not been applied in the Sixth Circuit, so the case is still binding precedent on this court: And while Ohio law provides for relation back pursuant to the Ohio Rules of Civil Procedure, O.R.C. § 2305.10 contains no specific relation back provision. The conclusion follows that the plaintiff's amended complaint may not relate back under

> Fed. R. Civ. P. 15(c)(1) because the limitations statute
> applicable to this action does not specifically provide
> for relation back.

Id. at 404-05.

This court finds the Oros court's analysis of Lovelace persuasive. Although the Tennessee Rules of Civil Procedure contain a relation back provision,[3] neither T.C.A. § 47-18-110, which provides the limitations period for Count 1, nor T.C.A. § 29-26-116, which provides the limitations period for Count 5, contains a specific relation back provision. Therefore, Sixth Circuit precedent compels the conclusion that the addition of MUSA does not relate back under Fed. R. Civ. P. 15(c)(1).

Absent relation back, the court must consider whether the causes of action against MUSA under Counts 1 and 5 are time-barred. The statute of limitations for Count 1, for violation of the Tennessee Consumer Protection Act, is governed by T.C.A. § 47-18-110:

> Any action commenced pursuant to § 47-18-109 shall be
> brought within one (1) year from a person's discovery of
> the unlawful act or practice, but in no event shall an
> action under § 47-18-109 be brought more than five (5)
> years after the date of the consumer transaction giving
> rise to the claim for relief.

Count 5, for medical malpractice, is subject to the statute of limitations in T.C.A. § 29-26-116:

> (a)(1) The statute of limitations in malpractice actions
> shall be one (1) year [after the cause of action
> accrued].

---

[3]Tenn. R. Civ. P. 15.03.

(2) In the event the alleged injury is not discovered within such one (1) year period, the period of limitation shall be one (1) year from the date of such discovery.

The only date stated in the Seiferts' Complaint, the Seiferts' response to MUSA's motion to dismiss, or the Seiferts' supplemental memorandum on MUSA's motion to dismiss is the date of the eye surgery, November 25, 2002. Consequently, the court takes the date of the surgery as the date the Seiferts' claims against MUSA accrued.[4] The Seiferts attempted to add MUSA by amendment of their Complaint in the original suit on July 29, 2004, and filed the second suit naming MUSA as a defendant on August 6, 2004. Regardless of which of those dates is considered the date the Seiferts brought their claims against MUSA, their claims against MUSA for violation of the Tennessee Consumer Protection Act and for Medical Malpractice are time-barred.

---

[4] The Seiferts have not argued that, even if the addition of MUSA does not relate back, their claims for violation of the Tennessee Consumer Protection Act or for medical malpractice are not time-barred because those claims accrued less than a year before the Seiferts sought to add MUSA as a defendant.

**IV.   Conclusion**

For the foregoing reasons, defendant MUSA's "Motion to Dismiss Count I and Count V of Complaint" is GRANTED. Plaintiffs' claims against defendant MUSA for violation of the Tennessee Consumer Protection Act and for medical malpractice are DISMISSED.

So ordered this _5th_ day of June 2005.

_____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 31 in case 2:04-CV-02616 was distributed by fax, mail, or direct printing on June 16, 2005 to the parties listed.

---

Cannon F. Allen
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Tim Edwards
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Dale H. Tuttle
GLASSMAN JETER EDWARD & WADE
26 N. Second Street
Memphis, TN 38103

Marty R. Phillips
RAINEY KIZER REVIERE & BELL
105 S. Highland Ave.
P.O. Box 1147
Jackson, TN 38302--114

Brian S. Faughnan
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Honorable Samuel Mays
US DISTRICT COURT